IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 24-117-RGA |
| | ) | |
| DAMION THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

      I viewed the body camera footage of Probation Officer Walker. I was interested in what exactly Defendant's grandfather told the Probation Officer. I think a reasonable person would interpret what the grandfather said as being that Defendant stayed at the grandfather's house "three or four nights a week" and stayed also at his mother's house and the grandfather's daughter's house. The "three or four nights a week" was not limited to the last week, although some of the later discussion did concern the loss of air conditioning for an indefinite amount of time at the apartment that was Defendant's registered address with the Probation Office. The grandfather showed the Probation Officer what the grandfather described as a locked room to which Defendant had the key.

      I also note that Defendant had served his Level IV time ("house arrest") at the grandfather's residence.

      Probation Condition 5 requires the reporting of "any changes of residence . . . within 72 hours." There was a reasonable basis for the Probation Officer to believe that Defendant was using the grandfather's house as a residence and had not timely reported it.

Based on the findings I made at the conclusion of the hearing and the above, I DENY the motion to suppress.  (D.I. 26).

I directed the parties to confer and report about setting a trial date.  The time between today and the setting of a trial date is excluded under the Speedy Trial Act in the interests of justice.

IT IS SO ORDERED this 7th day of November 2025.

/s/ Richard G. Andrews\_\_\_\_
United States District Judge